UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:23-cv-01733-TWP-MKK |
| EXCLUSIVE FINISHES, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**<u>REPORT & RECOMMENDATION</u>**

This ERISA matter was dismissed without prejudice following settlement nearly two years ago. (Dkt. 18). Upon dismissal, the Court expressly retained jurisdiction to enforce the Parties' settlement agreement. (*Id.*). Plaintiffs, Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund, *et al.*, now assert that Defendant Exclusive Finishes, LLC, has failed to tender monthly installment payments in violation of said agreement. Accordingly, Plaintiffs move the Court to reinstate the lawsuit and enter judgment against Exclusive Finishes. Dkt. [19]. Exclusive Finishes has not responded to Plaintiffs' motion.

For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the District Judge **GRANT** Plaintiffs' motion to reinstate the lawsuit and enter judgment against Exclusive Finishes in the amount of $69,297.24.

## I.    BACKGROUND

Plaintiffs initiated this lawsuit against Exclusive Finishes seeking delinquent employer contributions under various collective bargaining and trust agreements. (*See generally* Dkt. 1). In May 2024, the Parties entered into a settlement agreement to resolve the litigation. (Dkt. 19-1). Under the settlement agreement, Exclusive Finishes stipulated that it owed Plaintiffs $111,629.32 for "unpaid contributions, liquidated damages, interest, audit fees, and attorneys' fees and costs." (*Id.* at 3). Exclusive Finishes further agreed to remit a lump sum payment of $10,960.63 to Plaintiffs by June 1, 2024, and pay off the remaining amount in monthly installments for a period of 36 months, with the final installment due on June 1, 2027. (*Id.*). In the event Exclusive Finishes defaulted on its obligations under the agreement, "all remaining payments [would] be accelerated and become immediately payable." (*Id.* at 4). Exclusive Finishes would also have to pay a "liquidated damages charge of ten percent (10%) of all unpaid amounts . . . ." (*Id.*).

Consistent with their settlement agreement, (*id.* at 5), the Parties filed a joint stipulation of dismissal on June 20, 2024, (Dkt. 17). The stipulation requested that the dismissal be without prejudice and that the Court retain jurisdiction to enforce the agreement until July 1, 2027. (*Id.* at 2). If a motion to reinstate proceedings to enforce the settlement agreement was not filed by that date, the dismissal would "automatically convert to a dismissal with prejudice, and the Court [would] relinquish jurisdiction." (*Id.*).

2

On June 24, 2024, the Court dismissed the case without prejudice and expressly retained jurisdiction for enforcement purposes until July 1, 2027, as requested in the joint stipulation. (Dkt. 18 at 2 (citing as authority *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–84 (1993))).

## II.    DISCUSSION

Plaintiffs now move to reinstate this matter and enforce the settlement agreement, alleging that Exclusive Finishes failed to remit installment payments "for the months of November 2025 through March 2026." Dkt. [19] at 3. As such, Plaintiffs seek an entry of judgment against Exclusive Finishes in the amount of $69,297.24, which consists of outstanding principal, liquidated damages, and attorneys' fees and costs contemplated by the agreement. (*Id.*).

### A.    Legal Standard

A dispute about a settlement agreement is, at its heart, a contract dispute. *Kokkonen*, 511 U.S. at 378, 381–82. Typically, enforcement of a settlement agreement "is for the state courts" absent "some independent basis for federal jurisdiction." *Id.* at 382. However, "if the parties agree," a federal court may "retain jurisdiction over the settlement contract" to ensure compliance with its terms. *Id.* at 381. That is precisely what the Parties agreed to here. The undersigned is therefore assured of the Court's subject-matter jurisdiction to render a ruling on Plaintiffs' motion. Moreover, Plaintiffs filed the instant motion before July 1, 2027, which is when the Court was set to relinquish its jurisdiction and when the prior dismissal

3

without prejudice was set to "automatically convert to a dismissal with prejudice." (Dkt. 18 at 2).

"State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements." *Am. Homeland Title Agency, Inc. v. Robertson*, 348 F. Supp. 3d 852, 863 (S.D. Ind. 2018) (quoting *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016)); *see also Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000) ("Issues regarding the formation, construction, and enforceability of a settlement agreement are governed by local contract law . . . ."). Here, the Parties have selected Indiana law to govern their settlement agreement. (Dkt. 19-1 at 5). Under Indiana law, the elements of a breach of contract claim are: "the existence of a contract, the defendant's breach thereof, and damages." *Ent. USA, Inc. v. Moorehead Commc'ns, Inc.*, 897 F.3d 786, 793 (7th Cir. 2018) (quoting *Old Nat'l Bank v. Kelly*, 31 N.E.3d 522, 531 (Ind. App. 2015)).

### B.      Analysis

#### i.      *Contract Formation*

To have a legally binding contract in Indiana, there generally must be "an offer, acceptance, and consideration." *Ind. Dep't of State Revenue v. Belterra Resort Ind., LLC,* 935 N.E.2d 174, 179 (Ind. 2010). Consideration consists of a "bargained-for exchange" of promises. *Id.* (quotation and citation omitted); *see also Penn v. Ryan's Family Steak Houses, Inc.*, 269 F.3d 753, 759 (7th Cir. 2001) (noting the existence of a valid contract "depends on mutuality of obligation").

4

Sufficient evidence in the record exists to support the formation of a contract. Representatives from each of the Plaintiffs and Exclusive Finishes signed the settlement agreement in May and June of 2024. (Dkt. 19-1 at 5–6). Moreover, the settlement agreement's terms reflect a bargained-for exchange: Plaintiffs "agreed to accept monthly installment payments from Exclusive Finishes" in exchange for Plaintiffs "seeking a dismissal of the Lawsuit with the Court to retain jurisdiction to enforce the terms of the Agreement." (*Id.* at 3–4). The Parties' settlement agreement thus has all the hallmarks of a valid Indiana contract.

ii.   *Breach*

Plaintiffs allege that Exclusive Finishes breached the settlement agreement by failing to remit installment payments for the months of November 2025 through March 2026. Dkt. [19] at 3. As evidence, Plaintiffs submit a declaration from third-party administrator Amanda Hall attesting to the same. (Dkt. 19-2 at 3). In her declaration, Hall also noted that Exclusive Finishes had made $58,960.63 in payments toward the settlement agreement, reducing the principal balance owed to $60,911.08. (*Id.* at 3). The undersigned finds the proffered and uncontravened declaration sufficient to establish Exclusive Finishes' breach of the May 2024 settlement agreement.

iii.   *Damages*

As noted above, if Exclusive Finishes defaulted on its payment obligations under the settlement agreement, "all remaining payments [would] be accelerated and become immediately payable." (Dkt. 19-1 at 3). In addition, Exclusive Finishes

5

agreed to pay a "liquidated damages charge of ten percent (10%) of all unpaid amounts." (*Id.*). The Hall declaration establishes that Exclusive Finishes' remaining balance under the settlement agreement is $60,911.08. (Dkt. 19-2 at 2). Thus, Exclusive Finishes also owes $6,091.10 in liquidated damages.

Finally, Exclusive Finishes agreed to pay "all reasonable attorneys' fees and costs" incurred by Plaintiffs "to collect any amounts due" under the settlement agreement. (Dkt. 19-1 at 4); *see Stewart v. TT Commercial One, LLC*, 911 N.E.2d 51, 58 (Ind. Ct. App. 2009) ("even under a contract, an award of attorney fees must be reasonable"). Plaintiffs assert that they have incurred attorneys' fees in the amount of $2,295.06 to collect amounts due under the settlement agreement. Dkt. [19] at 3. In support, they submit a declaration and accompanying billing statement from Adam Decker, a Senior Attorney at the law firm of Johnson & Krol, LLC, in Carmel, Indiana. (Dkt. 19-3). The undersigned finds Attorney Decker's billing statement "sufficiently detailed to permit adequate review of the time billed to specific tasks." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008). The billing statement reflects various efforts to collect and follow up on installment payments under the settlement agreement as well as draft the present motion to enforce. (Dkt. 19-3). Attorney Decker's general hourly rate of $250 is also reasonable for similar work in the Indianapolis legal market. *See Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) ("A reasonable hourly rate is based on the local market rate for the attorney's services."); *cf. Brzeg v. Nat'l Indoor RV Center, LLC*, No. 1:24-cv-00491-TWP-CSW, 2025 WL 3041549, at *3 (S.D. Ind. Oct. 31, 2025) (finding $350 and $400 hourly

6

rates reasonable for experienced Indianapolis-based attorneys' work on motion to enforce settlement agreement).

All told, Plaintiffs have established that they entered into a valid settlement agreement with Exclusive Finishes, that Exclusive Finishes breached the agreement, and that Plaintiffs are entitled to damages totaling $69,297.24: $60,911.08 in unpaid principal, $6,091.10 in liquidated damages, and $2,295.06 in attorneys' fees and costs.

## III.    CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the District Judge **GRANT** Plaintiffs' motion to reinstate the lawsuit and enter judgment against Exclusive Finishes in the amount of **$69,297.24.** Dkt. [19].

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

So **ORDERED.**

Date: 06/10/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

Adam York Decker
Johnson & Krol, LLC
decker@johnsonkrol.com

Joseph E. Mallon
Johnson and Krol, LLC

7

mallon@johnsonkrol.com

Exclusive Finishes, LLC
c/o Mr. Jeremiah Haddad
1801 S. Wozniak Road
La Porte, IN 46350